UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH C.,[1]

      Plaintiff,

  v.                                          19-CV-1350-LJV
                                                  DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

      The plaintiff, Deborah C., is a prevailing party in this Social Security benefits action. Her counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 18. The defendant does not oppose the motion. Docket Item 22.

      Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      Marie was awarded $69,967.00 in past-due benefits. Docket Item 18-2 at 5; see Docket Item 18-5. Her counsel seeks $17,202.00 in fees, which is slightly less than

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 18-2 at 1; Docket Item 18-3.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  Id.  The $17,202.00 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on February 12, 2021, this Court previously awarded Deborah's counsel $5,932.57 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 16, 17.  Because the fees granted above

---

[2] While the fee here constitutes an hourly rate of $589.11—high by Western New York standards—the precedent cited in counsel's fee application, the ability and expertise of counsel, the success of counsel's representation, and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  See Gisbrecht, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); see also Fields v. Kijakazi, 24 F.4th 845, 854-56 (2d Cir. 2022) (clarifying that "[i]n determining whether there is a windfall" courts "must consider more than the de facto hourly rate" and should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result").

.

exceed the EAJA fees, Deborah's counsel must refund the EAJA fees to her.  See *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $17,202.00, Docket Item 18, is GRANTED; and it is further

ORDERED that Deborah's counsel shall refund the $5,932.57 in EAJA fees to Deborah within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:  April 20, 2022
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE